UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL JAMES WILSON, JR.,

        Petitioner,

                                                              Honorable Linda V. Parker

v.                                                       Case No. 2:24-cv-13108

ERIC RARDIN,

        Respondent.
_____/

## ORDER SUMMARILY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner Carl James Wilson, Jr. is a federal inmate confined at the Federal Correctional Institute in Milan, Michigan (FCI-Milan). (ECF No. 1, PageID.1.) This matter came before the Court on his pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he argues that the Federal Bureau of Prisons ("BOP") improperly denied him time credits under the First Step Act after serving his § 924(c) sentence. The Court concludes that Mr. Wilson is not entitled to habeas relief. Accordingly, the petition is summarily dismissed with prejudice.

### I.    BACKGROUND

In 2017, Mr. Wilson pleaded guilty in the United States District Court for the Eastern District of Kentucky to Count 1, possessing with intent to distribute

cocaine, in violation of 21 U.S.C. § 841(a)(1); Count 2, possessing a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1); and Count 4, possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  The district court sentenced Mr. Wilson to 65 months on each of Counts 1 and 2, to run concurrently, and 60 months on Count 4, to run consecutively to Counts 1 and 2.  He was sentenced to a total term of imprisonment of 125 months.  *See United States v. Wilson*, 5:17-cr-00015-DCR-1 (E.D. Ky. July 21, 2017).

## II.    LEGAL STANDARD

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.  *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

The First Step Act ("FSA") rewards prisoners who participate in recidivism reduction programs.  A prisoner who successfully completes a program "shall earn 10 days of time credits for every 30 days of successful participation" in the programming. 18 U.S.C. § 3632(d)(4)(A)(i).  These time credits can be used to reduce time in custody or on supervised release.  § 3632(d)(4)(C).  But not all prisoners are eligible. § 3632(d)(4)(A).  A prisoner serving a sentence for a

conviction under 18 U.S.C. § 924(c) cannot receive time credits under the FSA. § 3632(d)(4)(D)(xxii).

This exclusion applies even when the prisoner is serving an additional sentence for a conviction that would not disqualify him. *Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023). Multiple terms of imprisonment, whether served consecutively or concurrently, are not considered "separate and distinct" from each other. *Id*. Instead, they are treated "as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Thus, the BOP cannot sever an ineligible sentence from an eligible one, and neither can a court. *Keeling*, 2023 WL 9061914, at *1 (holding that the district court properly denied time credits by refusing to treat a defendant's sentence under § 924(c) as separate from his other sentences). A defendant's § 924(c) sentence disqualifies him from receiving time credits under the FSA for his entire term of imprisonment. *Id*.

### III. DISCUSSION

Mr. Wilson argues that the BOP improperly denied him time credits under the FSA because he completed his sentence under § 924(c) in 2021. He argues that the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412–13 (2024), which overturned *Chevron* deference to an agency's statutory

3

interpretation,[1] renders the BOP's interpretation of the FSA obsolete as it is now up to the courts to determine statutory interpretation. (ECF No. 1 PageID.6-7.)

Mr. Wilson's reliance on *Loper Bright* is misplaced because it has no bearing on the BOP's execution of his sentence under the FSA. The BOP's refusal to grant FSA time credits is based upon Mr. Wilson serving part of his sentence for a conviction under § 924(c). A prisoner serving a sentence for a conviction under § 924(c) cannot receive time credits under the FSA. 18 U.S.C. § 3632(d)(4)(D)(xxii). This exclusion applies even when the prisoner is serving an additional sentence for a conviction that would not disqualify him. *Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023). It remains true that multiple terms of imprisonment, whether served consecutively or concurrently, are treated "as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c).

Therefore, even though Mr. Wilson's sentence under § 924(c) ran consecutive to his other sentences, his total 125-month term of imprisonment is considered one single term. The Court cannot treat his 60-month sentence for Count 4 as separate and distinct from his 65-month sentence for Counts 1 and 2. *See Keeling*, 2023 WL 9061914, at *1. Because he is serving a sentence for a §

---

[1] *See Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984). Since *Loper Bright*, courts no longer defer to agency regulations as the authoritative (binding) interpretation of a statute. *See e.g., Seldon v. Garland*, 120 F.4th 527, 531 (6th Cir. 2024).

4

924(c) conviction, he is ineligible to receive time credits for his entire term of imprisonment, regardless of whether his § 924(c) sentence only constitutes a portion of his total term.[2]  The petition is subject to summary dismissal because it is facially insufficient to grant habeas relief.  *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DISMISSED**.

A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241.  *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).  Therefore, Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

**IT IS SO ORDERED.**

                                                    s/ Linda V. Parker
                                                    LINDA V. PARKER
                                                    U.S. DISTRICT JUDGE

Dated: January 7, 2026

---

[2] The Court notes that Mr. Wilson's petition may also be subject to dismissal for his failure to exhaust administrative remedies.  However, the question of exhaustion is not a jurisdictional requirement.  *U.S. v. West*, 2003 WL 1119990, * 2 (E.D. Mich. Feb.20, 2003) (holding that exhaustion is not jurisdictional because it is not required by statute and the explicit exhaustion requirements of the PLRA and the AEDPA do not apply to habeas corpus cases filed pursuant to § 2241); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).  Therefore, the habeas petition is properly dismissed on the merits.